WIGGINTON, Acting Chief Judge.
Appellant Wolfe was informed against, tried and convicted of conspiracy to commit armed robbery; aiding and abetting in the crime of armed robbery; and, larceny. The case terminated in a judgment of guilt from which this appeal is taken.
At the trial the State called as its principal witness an alleged accomplice, one Clark Boyd Hamilton. It was primarily upon the testimony of Hamilton that appellant’s guilt was established. Hamilton had previously pleaded guilty to the armed robbery out of which the charges against appellant arose, as well as a separate and unrelated charge of armed robbery with which appellant was in no way connected. As an inducement for his cooperation in testifying against appellant, Hamilton was promised that his sentence in each of the cases to which he had pleaded guilty would be made to run concurrently with any sentence he might thereafter receive in a criminal prosecution then pending against him in the federal court.
In response to questions propounded to him both on direct and cross-examination, Hamilton was asked whether the State had influenced him to testify against appellant by any promise of leniency, hope of reward, or other inducement. In response, Hamilton stated that the only promise made to him was that his sentence on the armed robbery conviction growing out of the offense for which appellant was then on trial would be made to run concurrently with any federal court sentence he might thereafter receive. Hamilton was not asked either by the prosecuting attorney or defense counsel, nor did he voluntarily testify, whether the same promise of a concurrent sentence was made to him in connection with his plea of guilty to the second independent armed robbery charge in which appellant was not involved. The prosecuting attorney was fully aware of the arrangement made with Hamilton in both cases, but did nothing to correct the false impression created by the half-truth implicit in Hamilton’s testimony.
The basic question posed for our decision is whether the State, in the prosecution of a defendant for crime, may in response to a proper inquiry or demand, produce or disclose less than all of the evidence or information within its knowledge and possession without depriving the defendant of due process of law.
It has long been the policy of the law that testimony of an accomplice is regarded with disfavor; is subject to close scrutiny; and, should be received with caution by the jury.[1] The reason for the rule arises from the willingness of some persons charged with or convicted of a crime to wrongfully implicate others if by doing so, *396 they may mitigate the penalty against themselves.
A factual situation similar in some material respects to the case sub judice was present in Napue v. People of State of Illinois.[2] There, an important state witness in a criminal prosecution falsely testified that he had received no promise of consideration in return for his testimony, and the prosecuting attorney, who had made the promise of consideration, did nothing to correct the false testimony of the witness. The Su-jpreme Court of the United States held that .under those circumstances the defendant •was denied due process of law in violation ¡of the Fourteenth Amendment to the Federal Constitution, even though the jury was apprised of other, grounds for believing that the witness may have had an interest in testifying against the defendant. The fact that the false testimony of the witness affected only his credibility and had no bearing on the facts in the case was considered immaterial. In so holding, the Supreme Court said:
“First, it is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment, * * *. The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears. * * *
“The principle that a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction, implicit in any concept of ordered liberty, does not cease to apply merely because the false testimony goes only to the credibility of the witness. The jury’s estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of a witness in testifying falsely that a defendant’s life or liberty may depend.”
By its decision in Napue, the Supreme Court quoted with approval from the decision of the New York Court of Appeals rendered in People v. Savvides.[3] In passing upon the principle of law herein discussed, that court said:
“ ‘It is of no consequence that the falsehood bore upon the witness’ credibility rather than directly upon defendant’s guilt. A lie is a lie, no matter what its subject, and if it is in any way relevant to the case, the district attorney has the responsibility and duty to correct what he knows to be false and elicit the truth. $ $ $ > »
It seems apparent that the jury did not consider the promise made to the witness Hamilton of a concurrent sentence to be imposed pursuant to his plea of guilty in the case on trial was sufficient to affect the credibility of his testimony against appellant. But who is to say whether the jury would have reached the same conclusion had it known that the promise to Plamilton of concurrent sentences was made with respect to the judgments of conviction to be imposed against him in both of the cases of armed robbery to which he had pleaded guilty. Had the jury known that the promise made to Hamilton applied to both of the criminal charges to which he had' pleaded guilty, it well might have concluded that the promised immunity from sentence of imprisonment in both cases was a sufficient inducement to cause him to give false testimony against appellant, thereby rendering it unworthy of belief. These are speculations which cannot be resolved by this court, the trial court, or the prosecuting attorney, but only by an impartial jury in possession of the full facts of the case.
By its reply in support of the judgment appealed, the State directs our attention to that part of the record which establishes *397 that appellant’s trial counsel was present in the courtroom at the time Hamilton pleaded guilty to both of the armed robbery charges pending against him. The State contends that since appellant’s counsel was aware of Hamilton’s plea of guilty in both cases, the burden rested on him to follow up his cross-examination of Hamilton by inquiring as to whether any additional promise of inducement or other consideration was made to this witness in connection with the second and unrelated offense to which he had also pleaded guilty. The State argues that had appellant’s counsel done so, it must be assumed that Hamilton would have made a full disclosure of the promise of a concurrent sentence made to him in that case as well as in the case on trial. The State concludes its argument by the assertion that having failed to make a full exploration into the matter of inducements and other consideration offered Hamilton by the State, appellant must be held to have waived any objections he may have to the State’s failure to make a full disclosure of such considerations to the jury. The position of the State on this point must be rejected.
The question propounded to Hamilton by appellant’s counsel regarding inducements or considerations made to him by the State in return for his testimony in the case was all inclusive, and was not restricted to the case on trial. When Hamilton answered that the only inducements made to him were in connection with his plea of guilty in the case then on trial, appellant’s counsel was justified in assuming that this constituted the extent of such inducements, and he could rely on the witness’ statement as a full and complete disclosure of his interest in the case. Counsel’s failure to explore the matter further, whether through ineptness, oversight, or in the belief that further pursuit of the subject was unnecessary, should not be held to constitute a waiver of appellant’s right to a fair and impartial trial in accordance with due process of law.
We do not intend for anything we say to be construed as an adverse reflection on the conduct of the prosecuting attorney in this case. He no doubt believed that the disclosure by Hamilton of the promise made to him in connection with his plea of guilty to participation in the crime for which appellant was on trial was sufficient to apprise the jury of his interest in the case. But as said by the New York Court of Appeals in Savvides, supra, “That the district attorney’s silence was not the result of guile or a desire to prejudice matters little, for its import was the same, preventing, as it did, a trial that could in any real sense be termed fair.”
Because of the State’s failure to fully inform the jury regarding the extent of the consideration promised Hamilton for his cooperation in testifying against appellant, we believe, and so hold, that the jury was denied facts which were necessary for it to have in order to properly pass upon the credibility of Hamilton’s testimony. Such failure constituted a deprivation of due process of law and so tainted the verdict against appellant as to render it void. The judgment appealed is reversed- and .the cause., is remanded for a new trial.
JOHNSON and SACK, JJ., concur.- '

. Padgett v. State, (Fla.1951) 53 So.2d 106.

. Napue v. People of the State of Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217.

. People v. Savvides, 1 N.X.2d 554, 154 N.X.S.2d 885, 887, 136 N.E.2d 853, 854-855.