353 So.2d 1256 (1978)
John N. FERBER, Appellant,
v.
STATE of Florida, Appellee.
No. 77-709.
District Court of Appeal of Florida, Second District.
January 13, 1978.
Rehearing Denied February 2, 1978.
*1257 Dennis J. Plews of Law Offices of Robert H. Schultz, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant was charged with six counts of larceny by a public servant in violation of Section 812.021, Florida Statutes (1975). A judgment of acquittal was entered on one count and the jury returned not guilty verdicts on three others. The jury did not initially return a verdict of any kind with respect to Counts II and IV. Consequently, the court made the following statement to the jury:
"Ladies and Gentlemen you have been given an extremely difficult legal task, and you have done beautifully with it; however, with Count Two, which is the Sony color TV, we have a guilty plea on two charges. You must pick one of these charges. It is either larceny by a public servant or attempted larceny, and with Count Four, you have guilty of larceny by a public servant and guilty of petty larceny. You have to pick one of those. So, I am going to have you retire to the Jury room to pick out one of these two verdicts for Count Two, and one of these verdicts for Count Four."
The jury then found the appellant guilty as charged on Count II and guilty of the lesser included offense of petit larceny on Count IV.
The appellant argues that the quoted statement was tantamount to an instruction directing the jury to return verdicts of guilt on the remaining two counts. Recognizing that no objection was made, he argues that the error was of such magnitude as to constitute fundamental error. We are compelled to agree.
In the courtroom setting the words of the trial judge are properly given great weight by the jurors. It is particularly important for the judge not to say anything which might be interpreted as being an indication of the court's opinion of the case. Mathis v. State, 45 Fla. 46, 34 So. 287 (1903).
Assuming the foregoing comment is accurately transcribed, and no one has suggested to the contrary, we are confident that the court did not mean to say what was actually said. No doubt the court intended to advise the jury to continue its deliberations so as to try to reach a verdict on the two counts on which no verdicts had yet been rendered. However, the fact remains that the jurors could have reasonably believed that they were being instructed to return verdicts of guilt on Counts II and IV. Therefore, we cannot say that this appellant has been afforded due process, and in the interest of justice we find it necessary to set aside the judgment and remand for a new trial.
We also have serious doubts about the state's position that it need not allege and prove the value of the public property stolen in order to seek a felony conviction for larceny by a public servant, but in view of our disposition of this appeal, we need not reach the question at this time.
REVERSED.
SCHEB and DANAHY, JJ., concur.