PER CURIAM.
In this prosecution for grand theft and passing a worthless bank check, Cooper testified that he gave the automobile salesman, in exchange for a car simultaneously delivered, a check to be held by the salesman until Cooper returned with cash, which Cooper said he did. In support of this defense theory Cooper’s counsel argued to the jury in closing that the salesman’s failure to telephone the bank to verify the check, before depositing it, was consistent with the salesman’s purpose to convert Cooper’s cash, which the salesman denied receiving, to the salesman’s own use. Whether that was a sensible defense theory was, of course, for the jury. After the jury deliberated a short time, the jurors returned with a question by one of them to the court. The following colloquy occurred:
JUROR: I actually had the question. It was about the responsibility of Courtesy to hold on to your own property. Like, the man gave him a check and he kind of, like, pushed him off the lot or whatever, you know, with the car, saying I made my money, goodbye. Right. That’s the way I feel about it. I mean, when I went down and bought my car, I had to wait until the check cleared the bank before I was given that car.
THE COURT: And your question is what, Mr. Dressel (phonetic)?
JUROR: Does Courtesy have some responsibility for the okaying of letting people off the lot with their car?
THE COURT: I would answer that, no, because it would be unreasonable to require any merchant to check the bank before they accepted any check. It would impair and impede and slow down all merchandise and all sales or transactions by check.
JUROR: That’s fair enough. That’s all I wanted to know.
Defense counsel objected to the court’s answer to the question and on this appeal contends that the court improperly commented on an evidentiary question which was pertinent to the defense. We agree. Lee v. State, 324 So.2d 694 (Fla. 1st DCA 1976); Tanner v. State, 197 So.2d 842 (Fla. 1st DCA 1967); Ferber v. State, 353 So.2d 1256 (Fla. 2d DCA 1978). There was no error in admitting the testimony of Joy Adams. There was no objection to the business records offered through the witness Hutchinson on the ground that the predicate required by Section 92.36, Florida Statutes (1977) was not laid; therefore, we do not reach that question.
REVERSED for a new trial.
ROBERT P. SMITH, Jr., Acting C. J., and ERVIN, J., concur.
BOOTH, J., dissents.