386 So.2d 3 (1980)
Ronald ROLLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-919.
District Court of Appeal of Florida, Third District.
July 22, 1980.
Bennett H. Brummer, Public Defender, for appellant.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HUBBART, J., CHAPPELL, BILL G., Associate Judge, and PEARSON, TILLMAN (Ret.), Associate Judge.
PER CURIAM.
Ronald Rolle was convicted of grand larceny, and he now brings this appeal on several grounds.
One of the points raised is that Rolle's right to confront witnesses was violated when the trial judge would not allow a question of a prosecution witness for the announced purpose of showing bias and self-interest of that witness.
The proffered question was:
"Isn't it true that today you are presently under investigation, an active investigation by the state attorney's office for perjury alleged to have occurred while you testified in Judge Alan R. Schwartz' courtroom approximately three weeks ago?"
*4 The basic general rule is that a witness may not be interrogated as to prior arrests or pending charges, but only as to prior convictions. Fulton v. State, 335 So.2d 280 (Fla. 1976). If the witness admits a conviction, he cannot be examined to the point of naming the crime for which he was convicted. McArthur v. Cook, 99 So.2d 565 (Fla. 1957). If the witness denies a prior conviction, the specific offense is identified only incidentally when the record of the conviction is entered into evidence. Fulton v. State, supra.
The prohibitions of this rule have been relaxed so that it has been firmly established that an accused has the absolute right to interrogate a prosecution witness who is presently or was recently under actual or threatened criminal charges or investigation leading to such charges so that the jury will be fully apprised as to the witness' possible motive or self-interest with respect to the testimony he gives. Cowheard v. State, 365 So.2d 191 (Fla. 3d DCA 1978); Stripling v. State, 349 So.2d 187 (Fla. 3d DCA 1977); Morrell v. State, 297 So.2d 579 (Fla. 1st DCA 1974).
Here, through the proffered question, Rolle seeks to have the basic rule relaxed still further so that he may disclose to the jury that the specific crime of perjury is the subject crime in the investigation, and further, that the investigation was commenced at the direction of a specific trial judge following his presiding over a completely unrelated case. While we acknowledge that this court has agreed that a conviction of perjury has greater weight against the credibility of a witness than any other crime, and that such a conviction may be disclosed to a jury, Johnson v. State, 361 So.2d 767 (Fla. 3d DCA 1978), we do not wish to enlarge this exception to permit disclosure of the specific offense of perjury prior to a conviction. To do so would invite speculation by a jury as to the results of the investigation of the witness without benefit of evidence or proof which could very well unduly prejudice a jury against a witness. Meanwhile, upon cross-examining such a witness to show bias or self-interest, an accused would unduly and unfairly gain just as much advantage from a perjury investigation as a perjury conviction, thus enjoying a full and complete exception to the general rule restricting examination of a witness as to criminal convictions and investigations. With this we cannot agree, and we find that the trial judge properly ruled on the proffered question.
We have examined the other issues raised by Rolle and find them to be without merit. Accordingly, the judgment appealed is affirmed.
Affirmed.