PER CURIAM.
Engram appeals his conviction of robbery, and, although one of the three points he has raised has merit, we find that the error was harmless and affirm.
Engram and two others were charged with robbing two men in a parking lot in Pensacola. Only one of the three, Harold Robinson, was apprehended at the scene. Robinson implicated Engram and his co-defendant, Sims. Later, Robinson entered into a plea bargain with the prosecutor in which he agreed to plead guilty and cooperate with the state in exchange for a sentence not to exceed one year. Imposition of the sentence was to be withheld until after the consolidated trial of Sims and Engram.
During the trial, Robinson testified on two separate occasions. On the first occasion, counsel for Sims cross-examined Robinson extensively regarding the fact that he had entered into a deal with the state. Robinson stated that he knew that his testimony at the trial had a lot to do with the sentence he would receive, and admitted that he had lied about the existence of the bargain during an earlier deposition. Robinson also admitted that he would lie to stay out of jail. This line of questioning was not objected to by the prosecutor. Later in the trial, Robinson was recalled by the State. On re-cross examination, he was asked whether he understood “that if you don’t testify at this trial in favor of the State, your sentence may i be increased?” This time, the prosecutor objected and asked for a mistrial. Thereafter, a discussion was held outside the presence of the jury. The judge ruled that it was improper for defense counsel to refer to the plea bargain, and that they were not entitled to present the specifics of the bargain to the jury. However, he determined that he could cure the error by explaining to the jury that it was up to the court to decide if the defendant had kept the bargain.
Defendants have the right to introduce evidence of the conditions of a plea bargain entered into between the State and one of its witnesses so that the jury may properly pass upon the credibility of the witness. Lee v. State, 324 So.2d 694 (Fla. 1st DCA 1976). We therefore agree with appellant that the ruling that the defendants could not present the details of the plea bargain was error, but find that the error was harmless in the case at bar. In this case, the jury was well-informed that Robinson had agreed to cooperate with the State by testifying against the defendants *430 in exchange for some type of reduced sentence. The only detail of the bargain that was not presented to the jury was the maximum length of the sentence which could be imposed by the judge if he found that Robinson had kept his end of the bargain. Since the jury knew about the deal, and Robinson repeatedly admitted that he had lied on many occasions, and that he would lie to stay out of jail, the jurors were sufficiently apprised of evidence enabling them to judge his credibility. There is no reason to believe that they would have weighed Robinson’s testimony any differently if they had been aware of the technical detail of the maximum possible sentence.
Therefore the judgment and sentence are AFFIRMED.
McCORD and SHIVERS, JJ., and MASON, ERNEST E. (Retired), Associate Judge, concur.