413 So.2d 1272 (1982)
Leon Elmore POWE, Appellant,
v.
STATE of Florida, Appellee.
No. AF-498.
District Court of Appeal of Florida, First District.
May 14, 1982.
David J. Busch, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Powe seeks review of his conviction for trafficking in methaqualone asserting as error the trial court's restriction of appellant's cross-examination of a State's witness. We find the trial court unduly restricted defense cross-examination and reverse.
On October 16, 1980, appellant was charged by information with trafficking in methaqualone and with possession of cocaine. The first trial ended in a mistrial. At the second trial, the State presented the testimony of Roy Michel who drove an automobile instrumental in the drug transaction underlying the charges against Powe.
On cross-examination, the defense counsel inquired about any plea bargaining Michel had entered into in return for his testimony. Michel testified that the State dropped a charge of trafficking in methaqualone, that he entered a plea of guilty to a charge of possession of cocaine, and that he was sentenced to five years probation and required to pay a $500 fine. Defense counsel asked several times whether Michel was informed or aware that a conviction for trafficking in methaqualone carried a minimum mandatory five year sentence. The prosecution objected on each occasion to the relevancy of the question and the trial court sustained the objections.
In Wolfe v. State, 190 So.2d 394 (Fla. 1st DCA 1966) we stated:

*1273 It has long been the policy of the law that testimony of an accomplice is regarded with disfavor; is subject to close scrutiny; and, should be received with caution by the jury. The reason for the rule arises from the willingness of some persons charged with or convicted of a crime to wrongfully implicate others if by doing so, they may mitigate the penalty against themselves. (footnote omitted)
Great latitude should be allowed in the cross-examination of an accomplice who testifies for the prosecution. Leavine v. State, 109 Fla. 447, 147 So. 897 (1933). 2 Wharton's Criminal Evidence, (1972), Sec. 425, p. 323.
The courts have repeatedly held that a defendant has the right to fully cross-examine a State's witness to reveal bias and any improper motive the witness may have had in testifying against the defendant. Simmons v. Wainwright, 271 So.2d 464 (Fla. 1st DCA 1973); McDuffie v. State, 341 So.2d 840 (Fla. 2d DCA 1977). This right has been specifically extended to defense interrogation of a prosecution witness who was recently under the threat of criminal charges. Rolle v. State, 386 So.2d 3 (Fla. 3d DCA 1980). We find that whether Michel knew of the minimum mandatory penalty for a conviction of trafficking in methaqualone may have impacted significantly on the plea-bargaining agreement and on Michel's willingness to testify against Powe. We recognize that control over the scope of the cross-examination properly lies with the trial court and is not subject to review except for a clear abuse of discretion. Ho Yin Wong v. State, 359 So.2d 460 (Fla. 3d DCA 1978). Here, the trial court clearly abused its discretion by unduly limiting the defense interrogation of Michel. Accordingly, we reverse Powe's conviction and sentence and remand for a new trial.
REVERSED and REMANDED.
ERVIN and WENTWORTH, JJ., concur.