MILLS, Judge.
Strickland appeals from a final order adjudicating him guilty of battery on a law enforcement officer and resisting arrest without violence. He asserts the trial court committed error by allowing into evidence a nolo contendere plea entered by his chief defense witness. We disagree and affirm.
Following a trial by jury, Strickland was found guilty of two offenses: battery of a law enforcement officer and resisting arrest without violence. The versions of the incident offered by the prosecution and defense were wholly inconsistent. The state’s evidence showed an unprovoked assault on a law enforcement officer. Strickland’s evidence supported a claim of self-defense.
The State offered the testimony of two Escambia County sheriff’s deputies, John Bates and John Sapp, who testified they were called to a domestic disturbance at a Pensacola residence, after 10:30 p.m. on 14 August 1985. Upon arriving at the residence, the officers encountered Strickland, who informed them he owned the house and wanted his girlfriend, Barbara Stokes, removed. At this point Ms. Stokes came out of the house onto the front porch and informed the officers that she and Strickland had had a big fight, and that she had been hiding in a closet afraid for her life. Both Strickland and Ms. Stokes appeared to have been drinking, according to the officers, and were verbally abusive.
When Officer Sapp tried to remove Ms. Stokes, upon Strickland’s insistence, she stumbled in the yard after walking down the house porch stairs. Strickland then became very excited, told Officer Sapp that he did not have to knock his girlfriend down and struck the officer across his right eyebrow and cheek. The resulting injury caused Officer Sapp to have four stitches.
After the officers’ testimony, the state rested. The defense then offered the testimony of Barbara Stokes. Ms. Stokes stated that on the evening in question she had picked up Strickland from work, bought some beer, and arrived home around midnight. The couple drank the beer and went to bed, where they were awakened by someone banging on the door at 12:30 a.m. According to her testimony, Ms. Stokes was confronted at the door by officers who told her she was under arrest, one of which pulled her from the front door and off the porch, causing her to land face down. Ms. Stokes then stated she saw Officer Sapp push Strickland up against a wall and hit him with a flashlight. Only in response did Strickland hit the officer.
On cross-examination, the State inquired of Ms. Stokes whether she had gone to court on the trespass charge. Defense counsel objected to the question and at a side bar conference the court was informed that Ms. Stokes had entered a plea of nolo contendere to a misdemeanor charge of disorderly conduct and had agreed to pay $100 in court costs. Defense counsel then informed the court that a nolo contendere plea was not evidence of guilt or of an admission of guilt and, therefore, was not *1352 admissible into evidence. The court concluded by overruling the defense’s objection.
Before the jury, Ms. Stokes explained that she had entered a nolo contendere plea, upon the advice of a lawyer, because she just wanted to get the matter over with and did not want to have to come back to court. Further, she stated that her lawyer had informed her that her plea would in no way affect Strickland’s case.
Strickland’s testimony was essentially in accord with that of Ms. Stokes. In closing argument, the State averred that one of the two conflicting versions was a lie, and to this end emphasized Ms. Stokes’ plea of nolo contendere. In response, defense counsel moved for a mistrial, which was denied. The jury returned a verdict of guilty as charged and this timely appeal followed.
For purposes of discrediting a witness, a wide range of cross-examination is permitted as this is the traditional and constitutionally guaranteed method of exposing possible biases, prejudices and ulterior motives of a witness as they may relate to the issue or personalities in the case at hand. Davis v. Alaska, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974); Nelson v. State, 99 Fla. 1032, 128 So. 1 (1930). The vital importance of full and searching cross-examination is even clearer when, as here, the prosecution’s case stands or falls on the jury’s assessment of the credibility of the key witnesses. Wooten v. State, 464 So.2d 640 (Fla. 3d DCA 1985). Moreover, the admission or rejection of impeaching testimony is within the sound discretion of the trial court. Winner v. Sharp, 43 So.2d 634 (Fla.1949).
Section 90.410, Florida Statutes (1983), of the Florida Evidence Code reads in full as follows:
Offer to plead guilty; nolo contendere; withdrawn pleas of guilty. — Evidence of a plea of guilty, later withdrawn; a plea of nolo contendere; or an offer to plead guilty or nolo contendere to the crime charged or any other crime is inadmissible in any civil or criminal proceeding. Evidence of statements made in connection with any of the pleas or offers is inadmissible, except when such statements are offered in a prosecution under chapter 837.
In Cruz v. State, 437 So.2d 692 (Fla. 1st DCA 1983), this court held that the legislature intended Section 90.410 to be an adaptation of Rule 410 of the Federal Rules of Evidence, so that evidence of a nolo contendere plea is admissible to impeach a witness who is not a party in a case. Cruz has not been overruled or modified by subsequent case law. Accordingly, we follow the dictates of its language and rule that nolo contendere pleas are not absolutely barred by Section 90.410, thus insuring a party’s ability to fully cross-examine witnesses. Compare, Metropolitan Dade County v. Wilkey, 414 So.2d 269 (Fla. 3d DCA 1982).
We further rule that the admissibility of nolo contendere pleas, when offered against a witness other than the defendant, is governed by the provisions of Section 90.608(l)(b), Florida Statutes, which allows, among other things, a witness’s credibility to be impeached upon a showing that he or she is biased. Cruz, 437 So.2d at 695. In the present case, Ms. Stokes’ misdemeanor conviction did tend to show that she could have a possible bias against the law enforcement officers involved in the episode or a possible interest in protecting Strickland. See, Howard v. State, 397 So.2d 997 (Fla. 4th DCA 1981). The nolo plea she entered was not a “nonstatement,” as asserted by her counsel, rather it was a formal declaration by the defendant that she did not contest the charge against her and admitted all the facts that were well pled. Chesebrough v. State, 255 So.2d 675 (Fla.1971).
Therefore, we affirm the trial court’s ruling of admissibility, finding no abuse of discretion.
SHIVERS and JOANOS, JJ., concur.