659 So.2d 1269 (1995)
Mack MOTON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1671.
District Court of Appeal of Florida, Fourth District.
August 30, 1995.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
During trial on charges of armed robbery in which the defense was that the state had *1270 charged the wrong man, the trial judge began questioning a key prosecution witness. After asking a series of questions about an enclosure that separated the attendant at the convenience store from the shopping area, the following ensued:
COURT: Where was the defendant?

DEFENSE COUNSEL: Objection, your honor.
COURT: Okay.
DEFENSE COUNSEL: And I need to have a sidebar on that.
COURT: Well, I just want to know.
DEFENSE COUNSEL: I understand.
COURT: Where was the person?
WITNESS: What person?
COURT: When you first saw him when he came in as you described it the third time?
* * * * * *
WITNESS: Yes, he was standing right there (indicating) in front of the window. [e.s.].
Defense counsel's timely motion for mistrial was denied.
Unlike the rule in our federal courts  see United States v. Clement, 504 F.2d 921 (5th Cir.1974) (power of federal judge to comment on evidence is broad but must be exercised with care)  and in the British system, in Florida state courts it is improper for a trial judge to comment on the weight of the evidence, i.e. to suggest that some evidence may be more important than other evidence. § 90.106, Fla. Stat. (1993); Williams v. State, 143 So.2d 484, 488 (Fla. 1962) ("[The judge] may ask questions to clarify the issues but he should not lean to the prosecution or defense lest it appear that his neutrality is departing from center."); Lee v. State, 324 So.2d 694 (Fla. 1st DCA 1976) (trial court should scrupulously avoid commenting on evidence in case); and Tanner v. State, 197 So.2d 842 (Fla. 1st DCA) (comments on evidence by judge in jury trial are improper and should be studiously avoided), cert. denied, 201 So.2d 898 (Fla. 1967).
Defendant argues that the judge's questioning in this close case, in addition to assuming the very fact to be decided by the jury, amounted to a comment to the jury to focus on the evidence elicited by the questions of the trial judge. We agree. The very status of the judge as interrogator inevitably means that the answers given by the witness will assume an importance in the mind of jurors otherwise lacking if counsel had instead asked the questions. The closeness of the evidence in this case makes it impossible for us to conclude that the judge's questions could not have affected the outcome beyond any reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). We thus do not think that the error was harmless.
REVERSED AND REMANDED FOR NEW TRIAL.
GLICKSTEIN and FARMER, JJ. concur.
STONE, J., concurs specially with opinion.
FARMER, J., also concurs specially with opinion.
STONE, Judge, concurring specially.
I concur in the majority opinion with respect to the error and reversal. I write separately to state that I would not discourage trial judges from asking neutral questions, or requesting counsel to make inquiry of a witness, in an effort to clarify or avoid confusion as to what the witness is saying under circumstances where there is no reason to anticipate prejudice  for example, to clarify the direction from which a photograph is taken or a diagram viewed, or, as here, where a witness has referred to an individual on a videotape containing more than one person in the picture and it is not clear to which individual the testimony refers. Quite frequently, such a trial court inquiry is helpful to all concerned, including appellate courts.
I recognize that even such seemingly innocuous interference by the court can prove *1271 prejudicial. As a rule, however, we should expect trial judges to exercise discretion and not to interpose unwarranted questions or comments. I would leave the occasional abuse to appellate or disciplinary processes.
FARMER, Judge, concurring specially.
The trial judge should not become an advocate for either side in a case, any more than appellate judges should become proponents for appellants or appellees. As a general proposition, it is decidedly dangerous for trial judges to question witnesses in front of the jury. In questioning key prosecution or defense witnesses, the judge cannot help but impart to the jury that the questions asked by the judge are the critical ones.
While I would not foreclose the possibility that an isolated question or two by a judge may be appropriate in a given set of circumstances, I think it should be exceedingly rare. I think we should strongly discourage trial judges from entering the fray  even to engage in what may seem to them as neutral, nonprejudicial questioning designed merely to "clear up some confusion." That function should be left with the trial lawyers where it belongs.