671 So.2d 821 (1996)
Lisa Reaves NICHOLSON, Appellant,
v.
Michael J. NICHOLSON, Appellee.
No. 95-3778.
District Court of Appeal of Florida, First District.
April 9, 1996.
Louis K. Rosenbloum and David H. Levin of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for Appellant.
Kathleen E. Anderson of Anderson & Sellers, Pensacola, for Appellee.
PER CURIAM.
This is an appeal of a non-final order determining temporary child custody. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii). Because the order appealed contains adequate findings which are supported by competent substantial evidence in the record, we affirm.[1] However, we feel compelled to comment on an aspect of the trial court's treatment of appellant during one of the several hearings which led to the temporary order.
Following her testimony, during which she was thoroughly cross-examined by opposing counsel, the trial court questioned appellant rather extensively. In the process, the court asked appellant to rate herself and appellee as parents in several categories. Appellee, who testified later, was not similarly asked to rate himself or appellant. While we do not approve of the trial court taking charge of the hearing by questioning a party *822 to the extent that occurred here[2], we do not believe the questioning was so egregious as to vitiate the temporary order, given the record evidence to support it.
Although not specifically raised as an issue on appeal, another matter is of concern to us. During the court's extensive questioning of appellant, the trial court rather doggedly questioned appellant on a matter of personal behavior which had already been thoroughly covered on cross-examination. The court continued to question her about it even after she had given an explanation that should have been satisfactory. We caution that proceeding in such a manner may give the appearance of the existence of a bias based on issues other than those appropriately before the court.
AFFIRMED.
JOANOS, BENTON and VAN NORTWICK, JJ., concur.
NOTES
[1] We note that "[t]he parent who was awarded temporary custody is entitled to no presumption on account of the temporary award." Murphy v. Murphy, 621 So.2d 455 (Fla. 4th DCA 1993) rev. denied 640 So.2d 1107 (Fla.1994).
[2] We note that the cases appellant relies on as authority for the argument that the court, by extensive questioning, may usurp functions of counsel or become an advocate for one side, involved jury trials. See, e.g., Moton v. State, 659 So.2d 1269 (Fla. 4th DCA 1995); Bumby & Stimpson, Inc. v. Peninsula Utilities Corp., 169 So.2d 499 (Fla. 3d DCA 1964).