COPE, J.
Plaintiffs-appellants Blanca and Aníbal Gonzalez appeal from a judgment in favor of defendant-appellee Mercy Hospital, Inc. We reverse.
In May 1996 Aníbal Gonzalez was recovering from heart surgery at Mercy Hospital. During a visit to his room, his wife Blanca slipped and fell, breaking her hip. The plaintiffs contended that Blanca slipped in water spilled on the floor by a hospital employee, a claim denied by the hospital. Plaintiffs sued the hospital for negligence and the matter was tried before a jury.
The record of the trial reveals that the trial judge actively participated in cross-examining witnesses on substantive issues. In ruling on objections, the court commented, in front of the jury, on what the evidence had shown. On several occasions the trial court apparently offered objections to questions by plaintiffs’ counsel when none had been stated by defendant’s counsel.* We conclude a new trial is required.
The Florida Supreme Court has said, “[A]n inappropriate comment on the testimony or the expression of a judicial opinion on the credibility of witnesses or the value of certain evidence often leads a jury of laymen to an erroneous conclusion.... In the mind of the average juror the trial Judge is the arbiter and ‘final word’ on any matter upon which he expresses an opinion.” Gendzier v. Bielecki, 97 So.2d 604, 607 (Fla.1957). The Evidence Code provides that “[a] judge may not sum up the *957 evidence or comment to the jury upon the weight of the evidence, the credibility of the witnesses, or the guilt of the accused.” § 90.106, Fla. Stat. (1997).
“Excessive participation of the trial judge, such as by excessive questioning of witnesses, may amount to usurping the functions of counsel and be an abuse of the discretion and latitude of the court in such respects, with resultant injury to the rights of a party or parties.” Bumby & Stimpson, Inc. v. Peninsula Utilities Corp., 169 So.2d 499, 501 (Fla. 3d DCA 1964). “The very status of the judge as interrogator inevitably means that the answers given by the witness will assume an importance in the minds of jurors otherwise lacking if counsel had instead asked the questions.” Moton v. State, 659 So.2d 1269, 1270 (Fla. 4th DCA 1995).
Mercy Hospital argues that these matters were not adequately presented to the trial court and therefore were not preserved for appellant review. We disagree. In this case there were three motions for mistrial at which plaintiffs set forth their objections at length and a fourth motion for mistrial at the conclusion of the case which renewed all prior objections. We conclude that the issues were thoroughly preserved for appellate review.
Reversed and remanded for a new trial.

 It is possible, however, that when defense counsel stood to make an objection the court anticipated the objection before it could be stated by trial counsel. From an appellate standpoint the cold transcript reflects rulings on objections when no objection was voiced by counsel.