GROSS, J.
Christopher Henry was charged with one count of second-degree sexual battery for raping his cellmate at the Palm Beach *1169 County Jail.[1] His first jury trial in this case ended with a hung jury. At his second trial, which is the subject of this appeal, Henry’s primary defense was that he and the victim engaged in consensual sexual relations. We reverse the conviction because the trial court erroneously curtailed cross-examination of the victim about the details of a plea bargain in his case that was pending at the time of the alleged attack.
On direct examination of the victim, the prosecutor engaged in anticipatory rehabilitation[2] by having the victim discuss the outcome of the criminal case that led him to be in the same cell as Henry:
[Prosecutor]: Now, [victim,] you were in the Palm Beach County Jail on some unrelated issues?
[Victim]: Yes.
[Prosecutor]: Did you plea to those issues?
[Victim]: Yes.
[Prosecutor]: Were you offered any type of deal or preferential treatment to testify in this ease?
[Victim]: No.
[Prosecutor]: Were you offered any type [of] leniency to testify in this case?
[Victim]: No.
[Prosecutor]: Did you receive any benefit whatsoever from law enforcement or the State’s Attorney Office to testify in this case?
[Victim]: No.
The prosecutor’s direct examination omitted the identity of the victim’s criminal charges, the degree of the felony charged, the potential sentence the victim faced, and the sentence the victim actually received as a result of his plea bargain.
In a proffer, the defense sought to cross-examine the victim to establish that (1) he was charged with aggravated stalking; (2) the charge was a third-degree felony; (3) the maximum penalty for a third-degree felony is five years in prison; (4) the victim received 18 months on probation pursuant to his plea bargain; (5) the victim was arrested on December 6, 2005; and (6) the victim remained in jail from the time of his arrest until he entered his plea in mid-January of 2006. The prosecutor objected to the proposed cross-examination on the grounds that it was “improper impeachment,” and that the victim’s crime was “not a conviction” or a “crime of dishonesty.” The trial court sustained the objection and prohibited the testimony.
The prosecutor’s objections appear to have assumed that the defense was seeking to impeach the victim by a prior conviction under section 90.610, Florida Statutes (2010); however, the facts surrounding the plea bargain in the victim’s pending case were admissible to show bias under section 90.608(2), Florida Statutes (2010).
“[T]he Sixth Amendment guarantees the right of an accused to attack a witness’ credibility by means of cross-examination directed toward revealing possible biases or ulterior motives of the witness as they may relate to the case at hand.” Smith v. State, 38 So.3d 871, 872 *1170 (Fla. 4th DCA 2010) (citing Davis v. Alaska, 415 U.S. 308, 315-16, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)). “For purposes of discrediting a witness, a wide range of cross-examination is permitted as this is the traditional and constitutionally guaranteed method of exposing possible biases, prejudices and ulterior motives of a witness as they may relate to the issue or personalities.... ” Strickland v. State, 498 So.2d 1350, 1352 (Fla. 1st DCA 1986) (citations omitted). “The vital importance of full and searching cross-examination is even clearer when, as here, the prosecution’s case stands or falls on the jury’s assessment of the credibility of the key witness[ ].” Id. (citing Wooten v. State, 464 So.2d 640 (Fla. 3d DCA 1985)). Under such circumstances, “[ojbviously, a defendant has a strong interest in discrediting a crucial state witness by showing bias, an interest in the outcome, or a possible ulterior motive for his in-court testimony.” Livingston v. State, 678 So.2d 895, 897 (Fla. 4th DCA 1996) (citing Phillips v. State, 572 So.2d 16 (Fla. 4th DCA 1990)).
“A well recognized area of cross examination is how pending criminal charges may have influenced a witness’ cooperation with the state and the content of in-court statements.” Id. (citing Blanco v. State, 353 So.2d 602, 604 (Fla. 3d DCA 1977); Garey v. State, 432 So.2d 796, 797 (Fla. 4th DCA 1983)). “Defendants have the right to introduce evidence of the conditions of a plea bargain entered into between the State and one of its witnesses so that the jury may properly pass upon the credibility of the witness.” Engram v. State, 405 So.2d 428, 429 (Fla. 1st DCA 1981) (citing Lee v. State, 324 So.2d 694 (Fla. 1st DCA 1976)); Oliver v. State, 442 So.2d 317, 319-20 (Fla. 2d DCA 1983). Such examination is not limited to the fact that charges were pending against the witness; inquiry may be made regarding the specific nature of those charges. See, e.g., Bell v. State, 614 So.2d 562, 564 (Fla. 3d DCA 1993) (holding that, for the purpose of establishing bias, defense counsel is “entitled to ask about the specific crimes with which [the State’s witness] was charged”); Wasko v. State, 505 So.2d 1314, 1316 (Fla.1987) (“If Pierson had been the state’s witness, the terms of the plea agreement might have been admissible to show bias or motive.”).
For example, in Powe v. State, 413 So.2d 1272, 1272 (Fla. 1st DCA 1982), the first district reversed a defendant’s conviction where the trial court refused defense counsel’s request to inquire as to whether the state’s witness was aware that the charge to which he eventually pleaded carried a five-year minimum mandatory sentence. Although the jury was apprised of the witness’s plea and its terms, the Powe court found it significant that the witness’s knowledge of the five year “minimum mandatory penalty for a conviction of trafficking in methaqualone may have impacted significantly on the plea-bargaining agreement and on [the witness’s] willingness to testify against” the defendant. Id. at 1273.
Here, the victim testified that he had pending, unrelated charges which were resolved without any deal to testify in this case. However, the jury was not required to accept the victim’s characterization of the resolution of his pending case. The defendant was entitled to ask the victim about the six areas of cross-examination identified above to evaluate the victim’s credibility. Because this case was a credibility battle between the defendant and the victim, we cannot say beyond a reasonable doubt that the error in excluding the cross-examination did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
For guidance to the court on retrial, we note that the holding in this case does not *1171 cover the special conditions of the victim’s probation; the trial court should analyze the admissibility of the special conditions under section 90.403, Florida Statutes (2010). In addition, we find no error in the trial court’s exclusion of evidence about the victim’s prior drug use, see Edwards v. State, 548 So.2d 656, 658 (Fla.1989), nor do we find reversible error in the court’s handling of objections during closing argument.

Reversed and remanded for a new trial.

DAMOORGIAN, J., and HANZMAN, MICHAEL, Associate Judge, concur.

. The charging statute provides as follows:
A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof does not use physical force and violence likely to cause serious personal injury commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, s. 775.084, ors. 794.0115.
§ 794.011(5), Fla. Stat. (2010).

. See Brookings v. State, 495 So.2d 135, 140 (Fla.1986); Bell v. State, 491 So.2d 537, 538 (Fla.1986); Charles W. Ehrhardt, Florida Evidence § 608.2 (2012 ed.).