330 So.2d 487 (1976)
Roger Dean HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 75-170.
District Court of Appeal of Florida, Fourth District.
April 15, 1976.
Richard L. Jorandby, Public Defender, and Elliot R. Brooks, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant was convicted of rape and sentenced to 51 years and 135 days in the State Penitentiary.
Three individuals, including appellant and Carl Allen McDonald, allegedly raped the prosecutrix. The state tried McDonald first, and he was acquitted. Before appellant's trial, the state subpoenaed and interrogated McDonald about the incident in question pursuant to § 914.04 F.S. 1973, thereby granting him use immunity. See *488 McDonald v. State, Fla.App.4th, 1975, 321 So.2d 453.
Prior to appellant's trial the prosecutor was on notice that McDonald would refuse to testify for the state on Fifth Amendment grounds. Nevertheless the state called McDonald and at the state's request the court designated him a court witness. Then out of the presence of the jury McDonald was interrogated and he refused to testify on Fifth Amendment grounds. The court admonished McDonald that he was fully immunized from prosecution arising out of the incident in question so that he had no standing to invoke the Fifth Amendment. McDonald persisted and was adjudicated in contempt. (See McDonald v. State, above.) The jury was then recalled and McDonald, as a court witness, was once again interrogated by the state. Once again he invoked the Fifth Amendment and once again the trial judge after further admonition found him in contempt. At that point, over objection, the state sought to "refresh McDonald's memory" by playing in the presence of the jury a tape recorded conversation between McDonald and the state attorney. McDonald continued to stand on his Fifth Amendment rights. The tape recording not only implicated McDonald in the rape but it also inculpated appellant. Finally, during closing argument the prosecutor argued that the incriminating statements on the tape matched the victim's testimony and corroborated it.
It is a violation of the Confrontation Clause of the Sixth Amendment for the trial court to permit the jury to hear an individual's extrajudicial statement inculpating the defendant, if the individual refuses to testify on Fifth Amendment grounds, and if the refusal has not been procured by the defendant. Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). Cf. Rankin v. State, Fla. 1962, 143 So.2d 193. McDonald clearly refused to testify, and McDonald's tape clearly inculpated the appellant. The state has not asserted that appellant procured McDonald's refusal to testify. The trial court should therefore have sustained appellant's objection to having the tape played before the jury.
We also note that under the circumstances of this case it was improper for the court to permit the jury to hear McDonald invoke his Fifth Amendment privilege. Compare Kaplow v. State, Fla. App.2d 1963, 157 So.2d 862, with Lawrence v. Wainwright, 445 F.2d 281 (5th Cir.1971).
Finally, appellant contends the trial court erred in sentencing him without a presentence investigation in accordance with Rule 3.710 RCrP. We do not reach this question, because the cause must be retried.
For the foregoing reasons, the judgment of conviction is reversed, and the cause is remanded for a new trial.
CROSS and MAGER, JJ., concur.