347 So.2d 744 (1977)
Allen HANKERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 76-879.
District Court of Appeal of Florida, Fourth District.
June 17, 1977.
Rehearing Denied July 25, 1977.
Richard L. Jorandby, Public Defender, and George B. Barrs, Asst. Public Defender, West Palm Beach, for appellant.
*745 Robert L. Shevin, Atty. Gen., Tallahassee, and Richard P. Zaretsky, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
This is an appeal from a robbery conviction. We reverse.
A co-defendant had already pled guilty to the robbery sub judice, prior to trial, and he was promptly subpoenaed by the State under Chapter 914.04, Florida Statutes (1975). At the deposition prior to trial, the subpoenaed co-defendant refused to testify, claiming a Fifth Amendment privilege, and was found in contempt of court for so doing. Called as a witness at the trial itself, the same co-defendant again refused to testify, out of the presence of the jury. Thereafter, the jury was recalled and the co-defendant, over the objections of the defense, was again interrogated, and once again, refused to testify.
It would appear at first blush that the co-defendant had no right to invoke his Fifth Amendment privilege in the light of the foregoing recitation of facts, however, a bystander was shot during the course of the robbery and the co-defendant was asked, on the stand, if he had pulled the trigger. Predictably, he refused to answer. Regardless of whether or not the privilege existed in this case, we have examined a line of cases, including our own recent decision in Hill v. State, 330 So.2d 487 (Fla. 4th DCA 1976), and it is apparent that we have held such action by the prosecutor to be reversible error, whether or not the witness has the right to invoke the privilege, it simply being enough if he, in fact, claims it. The facts in Hill were that the co-defendant had already been tried and acquitted of the offense, yet despite all admonitions from the court that he was fully immunized, he was interrogated in front of the jury, refused to testify and was found in contempt. Unfortunately, in Hill, our opinion referred to the co-defendant as "invok[ing] his Fifth Amendment privilege" when it should have more clearly said "invoking his claim to a Fifth Amendment privilege" and to the extent that such original language might be misconstrued, we now clarify it.
There can be little doubt that when an admittedly implicated witness takes the Fifth Amendment in front of the jury, the defendant, then before the court, is prejudiced in the eyes of said jury, which may, not surprisingly, conclude that both are guilty. In such event, it would appear that the defendant has indirectly lost his basic right to remain silent and not have his failure to take the stand cast up before the jury.
In the case now before us, the co-defendant repeatedly assured the court and the prosecutor, beforehand, that he would refuse to testify, and we can do no better than adopt the language of our Supreme Court in Richardson v. State, 246 So.2d 771 (Fla. 1971), where it was said:
We are forced to conclude that this was a studied attempt on the part of the State to bring to the attention of the jury the refusal of Grooms to testify on his claim of the "Fifth Amendment", with the attendant inference to be drawn by the jury that not only was Grooms guilty, but also the petitioner, an alleged co-accomplice with Grooms in the crime. .. .
We feel that reason and justice require us to hold that petitioner suffered irreparable damage and injury in the eyes of the jury by Grooms being ordered to take the stand and thereby being forced to plead the Fifth Amendment. See Kaplow v. State, Fla.App., 157 So.2d 862; Farnell v. State, Fla.App., 214 So.2d 753, and cases cited therein. Id. at 777.
A much cited case, in agreement with our decision here, is Kaplow v. State, 157 So.2d 862 (Fla. 2nd DCA 1963), except that in Kaplow, the co-defendant called to testify at the joint trial had no immunity and the concomitant right to invoke the privilege was cited by the court as one of the criteria for ruling such testimony to be in violation of his privilege against self incrimination. It appears to us, however, that the same prejudice exists as to any accused, on trial, whether or not the right to invoke the privilege exists, if, in fact, the *746 privilege is claimed before the jury. To this end we note a decision from the Fifth Circuit, Lawrence v. Wainwright, 445 F.2d 281 (Fifth Cir.1971), where two co-conspirators, who had previously pled guilty were called by the State and the court opined that the prosecution could not deliberately call a witness, closely identified with the defendant, knowing that the witness will assert his right to remain silent.[1]
Reversed and remanded for a new trial.
CROSS and DAUKSCH, JJ., concur.
NOTES
[1] The court also found that the burden is on the defendant to show prejudice by such action, which we have no difficulty in finding in the case now before us.