393 So.2d 49 (1981)
Michael Lee FAVER, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1833.
District Court of Appeal of Florida, Fourth District.
January 28, 1981.
Richard L. Jorandby, Public Defender, Bruce Zeidel, West Palm Beach, for appellant.
*50 Jim Smith, Atty. Gen., Tallahassee, Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
HURLEY, Judge.
Convicted and sentenced for grand theft, fleeing and eluding a police officer, and two counts of battery, Michael Lee Faver now seeks a reversal because of the trial court's ruling that precluded the defense from calling a witness who had previously indicated a firm decision to invoke his Fifth Amendment privilege against self-incrimination. We have reviewed the procedure utilized by the trial court, together with the court's ultimate decision, and find that both were eminently correct. Thus, we affirm.
Defendant was charged with stealing the U-Haul truck in which he was apprehended. His defense was coercion. He testified that an individual named Frederick Van Drake threatened his safety and that of his family; therefore, he felt compelled to steal the truck. To corroborate this defense, Van Drake was called as a defense witness. In a hearing outside the jury's presence, the court was told that Van Drake was presently incarcerated in the Palm Beach county jail as a result of an arrest for first degree murder. Faver's attorney had spoken on the telephone with Van Drake's attorney and had been advised that Van Drake would invoke his Fifth Amendment privilege against self-incrimination. Since Van Drake's attorney was not present in the courtroom, the trial court informed Van Drake of his Fifth Amendment rights. Defense counsel then examined Van Drake, who after giving his name and address, refused to answer all further questions. At the conclusion of the proffer, the court denied the defense request to call Van Drake to the witness stand and force him to invoke his Fifth Amendment privilege before the jury.
The applicable rule was succinctly put in United States v. Johnson, 488 F.2d 1206, 1211 (1st Cir.1973):
If it appears that a witness intends to claim the privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand. Neither side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege either alone or in conjunction with questions that have been put to him... . Obviously, before excluding a witness, the court must first establish reliably that the witness will claim the privilege and the extent and validity of the claim. (Citations omitted).
The rationale for this rule was further explained by Judge Leventhal in Bowles v. United States, 142 U.S.App.D.C. 26, 439 F.2d 536, 541-2 (D.C. Cir.1970) (en banc), cert. denied, 401 U.S. 995, 91 S.Ct. 1240, 28 L.Ed.2d 533 (1971):
The rule is grounded not only in the constitutional notion that guilt may not be inferred from the exercise of the Fifth Amendment privilege but also in the danger that a witness's invoking the Fifth Amendment in the presence of the jury will have a disproportionate impact on their deliberations. The jury may think it high courtroom drama of probative significance when a witness "takes the Fifth." In reality the probative value of the event is almost entirely undercut by the absence of any requirement that the witness justify his fear of incrimination and by the fact that it is a form of evidence not subject to cross-examination.
Accord, United States v. Licavoli, 604 F.2d 613 (9th Cir.1979), cert. denied, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980); United States v. Bolts, 558 F.2d 316 (5th Cir.1977), cert. denied, 434 U.S. 930, 98 S.Ct. 417, 54 L.Ed.2d 290 (1978); United States v. Harris, 542 F.2d 1283 (7th Cir.1976), cert. denied, 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977); United States v. Martin, 526 F.2d 485 (10th Cir.1975); United States v. Lacouture, 495 F.2d 1237, rehearing denied, 503 F.2d 568 (5th Cir.), cert. denied, 419 U.S. 1053, 95 S.Ct. 631, 42 L.Ed.2d 648 (1974); People v. Cvetich, 73 Ill. App.3d 580, 29 Ill.Dec. 418, 391 N.E.2d 1101 (1979); State v. Berry, 324 So.2d 822 (La. 1975), cert. denied, 425 U.S. 954, 96 *51 S.Ct. 1731, 48 L.Ed.2d 198 (1976); People v. Thomas, 68 A.D.2d 450, 417 N.Y.S.2d 278 (2d Dep't 1979); Commonwealth v. Greene, 445 Pa. 228, 285 A.2d 865 (1971).
We note parenthetically that if counsel had requested a jury instruction stating that Van Drake was not available to either side as a witness and that the jury should draw no inference from his absence, such an instruction would have been proper. However, the record reflects that appellant did not request such an instruction. Accordingly, defendant's judgment and conviction are AFFIRMED.
DOWNEY, J., concurs.
BERANEK, J., dissents with opinion.
BERANEK, Judge, dissenting:
I respectfully dissent. Here, the defendant attempted to present the testimony of another individual who he claimed coerced him into commission of the crime in question. The State did not object. Instead, the witness simply refused to answer questions on the grounds of self incrimination. Here, the existence of Frederick Van Drake was an important evidentiary element. There were numerous facts which would not have incriminated Mr. Van Drake which, I feel, he should have been required to answer in front of the jury. I adopt the view expressed by Judges Bazelon and Wright as stated in their dissenting opinions in Bowles v. United States, supra, 543-546, 546-547.