429 So.2d 85 (1983)
John G. APFEL, Appellant,
v.
STATE of Florida, Appellee.
No. 82-480.
District Court of Appeal of Florida, Fifth District.
April 6, 1983.
*86 James B. Gibson, Public Defender, and Theresa K. Edwards, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
The appellant claims he was denied his right to compulsory process because the trial court refused to allow him to call as a defense witness a co-defendant whom the state, defense, and court all knew would claim the privilege against self incrimination. We find no error.
Immediately before trial, appellant's co-defendant pleaded guilty to one of the counts charged in exchange for the state's agreement not to call him as a witness in appellant's trial and to drop the remaining charges. Appellant subpoenaed the ex-co-defendant as a defense witness at trial. The ex-co-defendant appeared at appellant's trial accompanied by his own attorney who informed the court that his client still faced the possibility of violation of probation charges. The court ordered a proffer outside of the presence of the jury. During the proffer, the ex-co-defendant was instructed by his attorney not to answer certain questions, so as to preserve his privilege against self-incrimination. Each such question was considered by the trial court before ruling thereon. At the close of the proffer, the court ruled that the appellant could call the ex-co-defendant as a defense witness and ask those questions previously allowed to be answered.
Appellant argues he should have been allowed to ask the witness the same questions in front of the jury as he asked during the proffer, regardless of whether the witness would invoke the privilege against self-incrimination in front of the jury. In effect, appellant is arguing that he has a right to have the jury make inferences and draw conclusions from questions which are not answered due to the witness' invocation of the privilege against self-incrimination. Appellant's reliance on Talavera v. State, 227 So.2d 493 (Fla. 2d DCA 1969) as support for his claim that he was entitled to have the jury hear the witness invoke his Fifth Amendment privilege as to questions already determined by the court to call for answers in violation of the witness' claim is misplaced. It is imperative to note that Talavera v. State was reviewed in State v. Talavera, 243 So.2d 595 (Fla. 1971) wherein the court affirmed the district court opinion insofar as it affirmed the conviction but quashed it in all other respects.
Florida courts have recognized that where the state, knowing that a witness will assert his right against self-incrimination, nevertheless calls that witness who is closely identified with the defendant or similarly implicated and the witness does in fact claim the privilege, the defendant is thereby prejudiced. Richardson v. State, 246 So.2d 771 (Fla. 1971); Hankerson v. State, 347 So.2d 744 (Fla. 4th DCA 1977). Where the court and the prosecution are aware that a witness will invoke the privilege, it is improper for the court to permit the jury to hear the witness invoke his privilege. Hill v. State, 330 So.2d 487 (Fla. 4th DCA 1976).
This same rule applies to preclude the defense from calling a witness to the stand for the purpose of invoking the privilege in front of the jury. See Faver v. State, 393 So.2d 49 (Fla. 4th DCA 1981) and cases cited therein. The court in Faver reiterated the applicable rule:
If it appears that a witness intends to claim the privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand. Neither side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege *87 either alone or in conjunction with questions that have been put to him... . Obviously, before excluding a witness, the court must first establish reliably that the witness will claim the privilege and the extent and validity of the claim. (citations omitted).
Faver v. State, at 50 (quoting United States v. Johnson, 488 F.2d 1206, 1211 (1st Cir.1973)).
Appellant was not denied his right to compulsory process. The trial court allowed appellant to call the witness to testify in front of the jury as to questions eliciting facts not incriminating. The trial court acted correctly in disallowing appellant to ask questions which the witness had previously and validly asserted his privilege not to answer.
AFFIRMED.
COBB and SHARP, JJ., concur.