PER CURIAM.
This is an appeal from a judgment of conviction and sentence for trafficking in cocaine in which two points are raised as a basis for reversal. We find no merit in either point and affirm.
First, it is urged that the evidence presented at trial was insufficient to establish that the defendant Peggy Carter had dominion over and the ability to control the contraband in question; it is therefore urged that the evidence was insufficient to support a conviction for trafficking in cocaine. We cannot agree. The defendant concedes that all other elements of the crime charged were established below — including the defendant’s knowledge of the presence and illicit nature of the cocaine in question. As to the disputed element of possession, the proofs below established that: (1) the defendant and two other people were observed by the police leaving a “cocaine-cutting” house where there were large quantities of cocaine in open view; (2) one of these three people was carrying a large brown bag (the police could not identify which of three people that person was) and was seen depositing the bag in the trunk of a nearby car titled in the name of the defendant; (3) the police followed the car, eventually stopped it, arrested the defendant who was a passenger in the car, and seized the cocaine from the trunk of the car; (4) the defendant’s fingerprints were found on the bag of cocaine. Based on this evidence, the jury could reasonably have inferred that it was the defendant who came out of the cocaine-cutting house with the bag of cocaine in hand and placed the bag in the rear of the defendant’s car— thereby establishing that the defendant exercised dominion and control over the cocaine in question. We see no merit to the defendant’s arguments to the contrary. See Muwwakil v. State, 435 So.2d 304, 305 (Fla. 3d DCA 1983).
Second, it is urged that the trial court erred in excluding the testimony of a defense witness who, admittedly, would have asserted his privilege against self-incrimination before the jury and refused to testify had he been allowed to do so by the trial court. No error is presented because a defendant, plainly, has no right to call a witness who will, in fact, assert a valid privilege against self-incrimination in the presence of the jury. Apfel v. State, 429 So.2d 85, 86-87 (Fla. 5th DCA 1983); Faver v. State, 393 So.2d 49, 50-51 (Fla. 4th DCA 1981). Moreover, we disagree that the witness herein waived his privilege against self-incrimination by testifying as part of a *1254 voir dire conducted outside the presence of the jury to determine the validity of the self-incrimination claim. See Lopez v. State, 349 So.2d 1198, 1199 (Fla. 2d DCA 1977), cert. denied, 359 So.2d 1216 (Fla.1978).
The judgment of conviction and sentence under review is in all respects affirmed.
Affirmed.