ANSTEAD, Judge,
dissenting.
I believe the trial court erred in refusing to allow an important witness to testify for the appellant-defendant just because the witness attempted to claim a Fifth Amendment privilege to some of the questions put to him on cross-examination.
This case involved a hit-and-run accident. The guilty party was driving a white Corvette. The defendant is not the car owner, but he and the owner look very much alike. The car owner, Anthony Smothers, was in the habit of parking the Corvette under the carport at defendant’s house to keep it out of the rain because the Corvette’s roof leaked. The appellant was charged after witnesses identified him as the driver at the time of the hit-and-run. Defendant attempted to call Mr. Smothers as a defense witness. There was a proffer of his testimony outside the jury’s presence. Smothers answered some questions and took the Fifth on others.
During the proffer, Smothers testified on direct that he was the owner of the car, that he usually parked the car at defendant’s house because the T-top leaks, and that defendant did not drive the car on the day of the accident. On cross-examination, the prosecutor asked how Smothers knew defendant was not involved in an accident on that day and Smothers answered that defendant was not in possession of the car. Smothers took the Fifth when the prosecutor asked him if he was driving the car that day, in whose possession was the car, and who was driving the car that day. The trial court would not permit Smothers to testify in front of the jury at all.
The general rule is stated in United States v. Johnson, 488 F.2d 1206, 1211 (1st Cir.1973):
If it appears that a witness intends to claim the privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand. Neither side has the right to benefit from any inferences the jury may draw simply from the witness’ assertion of the privilege either alone of in conjunction with questions that have been put to him.
This court cited Johnson with approval in Faver v. State, 393 So.2d 49 (Fla. 4th DCA 1981). In both Faver and Johnson, the witnesses were prevented from testifying before the jury. Both cases are distinguishable from the instant case in that the witness in this case would have answered some but not all questions. The witness in Faver took the Fifth after giving only his name and address. The witness in Johnson was an ex-codefendant who still faced possible conspiracy charges arising out of the same incident. He testified during the proffer that, if called to the stand, he intended to invoke the Fifth after giving only his name and address. 488 F.2d at 1208. In affirming the trial court’s refusal to allow the witness to testify, the First Circuit noted that “[ojnly after [the witness] had testified that he would claim the privilege comprehensively did the court rule to exclude him.” 488 F.2d at 1211 (emphasis added). The Johnson court also observes in a footnote that “No further questions were asked or intimated attempting to show that there were particular matters which could be answered without danger of incrimination.” Id. n. 1. Arguably, the court was implying that if there were other questions which could have been answered by the witness without incriminating himself, his testimony may not have been excluded. In the case at bar the witness did not claim the privilege “comprehensively.” He testified to facts highly relevant to the case — that he was the car’s owner; that he usually parked the car at defendant’s house; that defendant did not drive the car or even have possession the day of the accident. Thus his testimony consisted of much more than merely giving his name *1388 and address, as in the Faver and Johnson cases.
Both parties cite Apfel v. State, 429 So.2d 85 (Fla. 5th DCA 1983), but neither points out that the trial court there allowed the witness to testify but limited the questioning to those questions previously answered by the witness during the proffer. The witness was an ex-codefendant called by the defendant. During the proffer, the witness invoked the Fifth as to certain questions. The trial court allowed the witness to testify in front of the jury, but would not permit defense counsel to ask those questions to which the witness had previously taken the Fifth during the proffer. The Fifth District affirmed, finding the trial court acted correctly in allowing defendant “to call the witness to testify in front of the jury as to questions eliciting facts not incriminating.” Id. at 87. Apfel arguably supports defendant’s position in the case at bar, for it approves allowing the witness to testify in front of the jury, at least as to those facts which are not incriminating.
Limiting the questioning of a witness has been held to be error where it impacts on impeachment value. The First Circuit distinguishes Johnson in United States v. Kaplan, 832 F.2d 676 (1st Cir.1987), cert. denied, — U.S. —, 108 S.Ct. 1080, 99 L.Ed.2d 239 (1988). In that case, the defendant, a lawyer, was accused of participating in a scheme to defraud insurance companies by agreeing with several doctors to send in false medical bills pertaining to defendant’s clients injured in car accidents. One of defendant’s clients was called as a government witness to testify that he told defendant that a doctor’s bill was false. During a proffer of his testimony, defendant sought to cross-examine the witness about his use of cocaine in an attempt to show bias. Defendant sought to prove that if the jury knew the government had given the witness immunity regarding his cocaine use in return for his testimony, that it could infer the witness had reason to lie. The witness took the Fifth during the proffer when confronted about his cocaine use. The trial court refused to permit any questioning in front of the jury that would cause the witness to invoke the Fifth. The appellate court found this was error and distinguished Johnson. There,
the witness’ assertion of the privilege, intended as permitting an inference of guilt or innocence, could have adispropor-tionate, probative impact on the mind of the average juror.
A different case is presented where, as here, the defense seeks to cross-examine a government witness within the scope of his direct and then the witness asserts the privilege. We note, first, that the impact on the jury’s deliberations from asserting the privilege has to be less here than in Johnson from the fact that Brown [the witness] did not claim the privilege comprehensively. Instead, Brown answered most questions put to him by the defense and would have refused to answer at trial only those bearing on the alleged cocaine abuse. And whatever danger exists that the jury may give too much weight to this line of questioning is small in comparison to its impeachment value. See United States v. Seifert, 648 F.2d 557 (9th Cir.1980).
Kaplan, 832 F.2d at 684. Kaplan is distinguishable from the instant case in that the testimony sought to be elicited in this case does not appear to be for impeachment purposes, but rather was intended to ferret out the factual basis of the witness’ testimony on direct (and possibly to incriminate and implicate the witness). Also, the trial court impermissibly limited the defendant’s cross-examination of a government witness in Kaplan, as opposed to the total exclusion of a defense witness in the instant case. Kaplan is analogous to the instant case, however, in that the witness asserted the privilege during cross-examination, not on direct, and the witness did not claim the privilege comprehensively. Thus Kaplan lends some support to defendant’s position that the trial court erred in excluding the witness’ testimony.
*1389 In United States v. Seifert, cited in Kaplan, the trial court was held to have erred in preventing the defense from asking a question on cross-examination in the jury’s presence to which the witness had taken the Fifth during a proffer. As in Kaplan, the question involved impeachment. The appellate court held the error was not reversible, however, as the defense had ample opportunity to cross-examine and impeach the witness, and impeaching him further by having him take the Fifth in the jury’s presence would have been merely cumulative. 648 F.2d at 560-61.
Clearly the case law prevents a party, whether the state or defendant, from calling a witness “for the purpose of invoking the privilege in front of the jury" because of the impermissible inferences the jury may make. Apfel, 429 So.2d at 86. Thus when a witness invokes the privilege “comprehensively,” he cannot be called because that obviously would be “for the purpose” of invoking the privilege in front of the jury. However, the defendant in the case at bar attempted to call the witness, not for the purpose of having him invoke the privilege in the jury’s presence, but rather for the purpose of getting to the jury his firsthand knowledge of the fact that defendant was not in possession of the car that day.