GARRETT, Judge.
Jerome Hodges appeals his trafficking in cocaine conviction and sentence. He claims that the trial judge should have granted his motion for a mistrial after the state, knowing his codefendant would choose not to testify against him, called the codefendant as a witness. We agree.
Several days before trial, the state learned that the codefendant “wasn’t going to cooperate.” The assigned prosecutor then asked the codefendant’s attorney to “go out and talk to [the codefendant].” The state made no further inquiry before it called the codefendant as a witness. The prosecutor told the trial judge that he only saw the codefendant “briefly” talk to his attorney.
In the presence of the jury, after the codefendant testified as to his name, his present residence, “Rock Road,” and that he was in jail on the same charges, he announced, “I’m only here to say that I’m not going to testify on behalf of the state against my codefendant, Jerome Hodges.” The trial judge then instructed the code-fendant to answer the questions. But the codefendant refused to answer when the prosecutor asked, “Do you recall entering a plea to this charge?” The trial judge then remarked, “[A]s I already said, you’ve entered a plea in this case and, uh, whatever you say cannot be used against you.” The trial judge again instructed the codefend-ant to answer the questions and also threatened him with contempt of court if he refused.
We conclude from the record that when the state called the codefendant as a witness it knew he would refuse to testify against appellant. Although the codefend-ant did not have the right to refuse to testify, the state’s action and the trial court’s statements prejudiced appellant in the eyes of the jury and constituted reversible error. Hankerson v. State, 347 So.2d 744 (Fla. 4th DCA 1977); see also Richardson v. State, 246 So.2d 771 (Fla.1971). We hold that the trial judge abused his discretion when he denied appellant’s motion for a mistrial. Cf. Sireci v. State, 587 So.2d 450 (Fla.1991) (no abuse of discretion demonstrated in denial of motion for mistrial). Accordingly, we reverse appellant’s conviction and sentence and remand for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
POLEN and FARMER, JJ., concur.