605 So.2d 175 (1992)
Stephen DeANGELIS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1928.
District Court of Appeal of Florida, Fourth District.
September 30, 1992.
Rehearing and or Clarification Denied October 21, 1992.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant claims that the trial court erred in refusing to allow his counsel, on cross-examination of the state's key witness, to delve fully into pending criminal charges and their treatment by the state which may have influenced the witness' testimony favorable to the state. We agree and reverse. See Auchmuty v. *176 State, 594 So.2d 859 (Fla. 4th DCA 1992); Powe v. State, 413 So.2d 1272 (Fla. 1st DCA 1982); Lee v. State, 318 So.2d 431 (Fla. 4th DCA 1975).
We affirm the court's refusal to compel the state to agree to the admission of polygraph evidence. See State v. Horvatch, 413 So.2d 469 (Fla. 4th DCA 1982).
Finally, the state concedes that the court erred in sentencing appellant outside the recommended guideline range with a one cell upward departure without written reasons, since the offense with which appellant was charged was committed prior to the effective date of Chapter 88-131, Laws of Florida, which permitted the one cell departure. See Smith v. State, 582 So.2d 117 (Fla. 3d DCA 1991). Should appellant be convicted on retrial, he must be sentenced within the guidelines, or in the alternative, the court must provide written reasons for departure. Id.; see also Merritt v. State, 567 So.2d 1031 (Fla. 4th DCA 1990).
Reversed and remanded.
DOWNEY, WARNER and FARMER, JJ., concur.