614 So.2d 562 (1993)
Earnest BELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-872.
District Court of Appeal of Florida, Third District.
February 9, 1993.
As Amended February 10, 1993.
Rehearing Denied April 6, 1993.
*563 Robbins, Tunkey, Ross, Amsel & Raben P.A., and Benjamin S. Waxman, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard S. Fechter, Asst. Atty. Gen., for appellee.
Before NESBITT, COPE and LEVY, JJ.
PER CURIAM.
Earnest Bell appeals his conviction for leaving the scene of an accident involving a personal injury. The defense asserts evidentiary error with regard to five questions propounded by defense counsel to a prosecution witness.
Bell was accused of driving a car which struck two people as they crossed an intersection. The only witness who could identify Bell was Otis Charles, who, at the time of the trial, was under pending charges for first degree murder and attempted first degree murder. He was being held in the Dade County jail.
Charles testified on direct examination that he saw Bell driving the car. During cross-examination, Bell's attorney asked Charles a series of five questions which Charles refused to answer on the grounds the answers would incriminate him. We hold that the trial court should have required Charles to answer the first two questions because the answers would not have tended to incriminate Charles and the result of Charles' failure to answer unduly restricted Bell's right to cross-examination.
The two questions were:
Is it a fact, Sir, you are currently incarcerated facing trial for an indictment charging you with the following crime: Murder in the first degree, and attempted first degree murder  isn't that a fact, Sir?
Isn't it a fact, Sir, that you hope to gain favor with the very state attorney's office that is prosecuting this case in order to help yourself with your pending charges of murder and attempted .
The trial court is to determine on a question by question basis whether a person has properly invoked his Fifth Amendment privilege. See Suarez v. State, 481 So.2d 1201, 1208 (Fla. 1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2908, 90 L.Ed.2d 994 (1986). In this case the answers to the two questions would not have incriminated Charles. The answer to the first question  whether there were pending first degree murder charges against Charles  was a matter of public record. Breedlove v. State, 580 So.2d 605, 608 (Fla. 1991); see Holmes v. State, 311 So.2d 780, 782 (Fla. 3d DCA 1975), cert. denied, 327 So.2d 32 (Fla. 1976). The answer to the second question  whether, by testifying, Charles hoped to gain favor with the state attorney's office  would not have subjected Charles to criminal prosecution. Breedlove v. State, 580 So.2d at 608.
These two questions were extremely relevant to Charles' credibility and were the proper subject of cross-examination. See Breedlove v. State, 580 So.2d at 607-08; DeAngelis v. State, 605 So.2d 175 (Fla. 4th DCA 1992); Williams v. State, 600 So.2d 509 (Fla. 3d DCA 1992); Moreno v. State, 418 So.2d 1223, 1226 (Fla. 3d DCA 1982); see also Watts v. State, 450 So.2d 265, 267-68 (Fla. 2d DCA 1984); Hannah v. State, 432 So.2d 631, 631-32 (Fla. 3d DCA 1983). Charles should have been required to answer *564 them. Breedlove; Moreno; Watts, 450 So.2d at 268. The trial court's restriction of Bell's right to cross-examine Charles as to his potential bias and interest in the case constitutes reversible error. Moreno; Watts.
The State argues that the defense was not entitled to ask about the specific crimes with which Charles was charged, but could only ask generally if there were criminal charges pending against him. That contention has been resolved to the contrary in Breedlove, 580 So.2d at 608 (citing Lee v. State, 318 So.2d 431 (Fla. 4th DCA 1975)). It was permissible for defendant's two above-quoted questions to identify the specific offenses with which defendant was charged.
As to the other three questions, Charles properly asserted his Fifth Amendment privilege because the answers to the questions could have incriminated him and could have subjected him to criminal liability. See Stewart v. Mussoline, 487 So.2d 96, 97 (Fla. 3d DCA 1986).
Defendant also contends that the trial court erred by denying a requested jury instruction which would have advised the jury that it could draw adverse inferences about Charles' credibility based on his refusal to answer questions because of the invocation of the Fifth Amendment. The requested instruction was correctly denied. See United States v. Nunez, 668 F.2d 1116, 1123 (10th Cir.1981); United States v. Vandetti, 623 F.2d 1144, 1148 (6th Cir.1980); United States v. Johnson, 488 F.2d 1206, 1211 (1st Cir.1973); Bowles v. United States, 439 F.2d 536, 541-42 (D.C. Cir.1970) (en banc), cert. denied, 401 U.S. 995, 91 S.Ct. 1240, 28 L.Ed.2d 533 (1971); Apfel v. State, 429 So.2d 85, 86-87 (Fla. 5th DCA 1983); Faver v. State, 393 So.2d 49, 50 (Fla. 4th DCA 1981).
Reversed and remanded for a new trial.