627 So.2d 1190 (1993)
Michael DOUGLAS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3152.
District Court of Appeal of Florida, First District.
November 30, 1993.
Nancy A. Daniels, Public Defender, Jamie Spivey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Public Defender, Tallahassee, for appellee.
*1191 WOLF, Judge.
Appellant alleges the trial court erred in denying his motion for judgment of acquittal and in limiting cross-examination of the state's informant. Because we find that the evidence was sufficient to send the case to the jury, we affirm the first point. However, because we find that the trial court abused its discretion in limiting the scope of cross-examination and that this error was not harmless, appellant is entitled to a new trial.
Officer Doug Baldwin of the Pensacola Police Department was working with a confidential informant (CI) with whom he had worked about 50 times and whom he found to be reliable. Officer Baldwin sent the CI to the Douglas residence to attempt to purchase cocaine. The CI was first searched and then equipped with a transmitter and given marked money. The officer listened to the transaction, and afterward the CI returned directly to the officer and gave him a piece of crack cocaine he had purchased. Officer Baldwin testified that he paid the CI between $40 to $60 for making the controlled buy.
The CI stated that he knew the appellant and the appellant's brother. When he went to the Douglas house and knocked on the door, someone else answered. The CI then asked for the appellant, and when the appellant came to the door, the CI asked for drugs and appellant said he would get some. Appellant left and came back a few minutes later with his brother and another individual. The appellant's brother went into the house and got the crack, then came back and handed it to the appellant. The appellant handed the crack to the other individual, who then handed it to the CI.
The CI testified at the trial, and stated that he helps the police in order to get drugs off the street. He also stated that he was not helping the police because he was in trouble. When the defense attempted to ask the CI if he had any pending charges at the time he testified, the trial court sustained an objection. Defense counsel was allowed to make a proffer. During the proffer, it came out that the CI had recently pled guilty to five felony charges for which adjudication had been withheld. Sentences which had been received by the CI were also explored. In addition, the CI had two pending battery charges. The defense argued to the trial court that the jury should be able to learn of the adjudications which had been withheld, and that the witness had been in trouble many times. The trial court limited the question so that the defense counsel was only allowed to ask a question dealing with any trouble the CI may have been in at the time of the arrest. The question asked of the CI with the jury present was, "Were you in any trouble back in January of 1992?" The witness stated that he could not recall. The defense was not allowed to proceed any further.
As to the judgment of acquittal, the jury could reasonably infer that the appellant aided in the sale or delivery of the cocaine by getting his brother and bringing him to the informant so that the transaction could take place. By moving for judgment of acquittal, the appellant admitted the facts and all reasonable inferences favorable to the state, and thus the evidence was sufficient to send the case to the jury. See Love v. State, 450 So.2d 298 (Fla. 1st DCA 1984). Since there is substantial competent evidence to support the jury verdict on this point, it should not be disturbed. Dupree v. State, 615 So.2d 713 (Fla. 1st DCA 1993), rev. denied, 623 So.2d 495 (Fla. 1993).
As to the second point, however, we must reverse because we find that the trial court abused its discretion in limiting the scope of cross examination to whether or not the witness had been in trouble. See Powe v. State, 413 So.2d 1272 (Fla. 1st DCA 1982) (scope of cross-examination is reviewed for a clear abuse of trial court's discretion). When charges are pending against a prosecution witness at the time he testifies, the defense is entitled to present this fact to the jury to show bias, motive or self-interest. Fulton v. State, 335 So.2d 280 (Fla. 1976). In Auchmuty v. State, 594 So.2d 859 (Fla. 4th DCA 1992), the state presented testimony of an alleged eyewitness to a murder. The trial court prevented the jury from hearing that the witness was on probation at the time and had just had charges brought against him for *1192 violation of probation. The appellate court reversed, citing Morrell v. State, 297 So.2d 579 (Fla. 1st DCA 1974), in which this court stated that a criminal defendant has an absolute right to bring out circumstances which might indicate possible motive or self-interest with respect to the testimony. Id. at 580. See DeAngelis v. State, 605 So.2d 175 (Fla. 4th DCA 1992) (conviction reversed where defense counsel was not allowed to delve fully into pending criminal charges and their treatment by the state).
In Bell v. State, 614 So.2d 562 (Fla. 3d DCA 1993), the defense asked a prosecution witness five questions, all of which the witness refused to answer on the ground that the answers could incriminate him. The appellate court reversed, finding that the court should have required the witness to answer two of the questions, one as to whether or not the witness was facing pending charges, and second, if he hoped to gain favor with the state attorney's office by helping in the case. The court also held that the defense counsel was not restricted to asking the witness generally if there were criminal charges pending against him, but was entitled to identify the specific crimes. See also Breedlove v. State, 580 So.2d 605 (Fla. 1991). The court noted that the questions were extremely relevant to the credibility of the witness, and they were the proper subject of cross-examination.
During cross-examination in the instant case, the trial court sustained an objection to whether or not the CI had any pending charges against him at the time of the offense. It was an abuse of discretion to limit the scope of cross to a general question as to whether or not the CI had been in trouble at that time. See Bell v. State, supra. Also, the CI here was facing charges at the time of the offense for violating probation, as in Auchmuty v. State, supra, where the court found it to be error to keep such evidence from the jury. The limitation of the scope of cross-examination of the CI did not allow the defense to delve into the treatment of the prior charges by the state, and under DeAngelis v. State, this constitutes an abuse of discretion. Because the CI's credibility was an essential element of the trial, we determine that the error by the trial court was not harmless under State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). We therefore reverse the conviction of appellant.
ERVIN and JOANOS, JJ., concur.