PER CURIAM.
Appellant argues, and the state concedes, that appellant’s nine year sentence, which is the maximum under the permitted range, is error because sentencing within the permitted range without written reason rather than the recommended range was not a part of the statute at the time he committed his offense. See DeAngelis v. State, 605 So.2d 175 (Fla. 4th DCA 1992); Smith v. State, 582 So.2d 117 (Fla. 3d DCA 1991); see generally Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). Accordingly, this case is remanded for the trial court to resentence appellant within the recommended guidelines range which was in effect at the time of his offense. The record reflects that appellant and the state agree that 5½ years to 7 years is the applicable range.
GUNTHER, WARNER and POLEN, JJ., concur.