OPINION ON MOTION FOR REHEARING

PER CURIAM.
On motion for rehearing, appellant points out that in our opinion in this cause filed December 28, 1993, this court reversed appellant’s conviction for sale, delivery or possession of cocaine with intent to sell and remanded for new trial, but did not address a second issue raised by appellant. Appellant urges that the second issue, which raised the issue of sufficiency of the evidence, if resolved in appellant’s favor, would result in appellant’s acquittal and discharge, rather than a new trial. We grant the motion for rehearing in order to address the second *982 issue, as urged by appellant, although we resolve that issue adversely to appellant. Our opinion filed December 28, 1998 is accordingly withdrawn, and the following is substituted as the opinion of the court on this appeal.
Appellant was charged in an amended information with two other individuals, Edward and Michael Douglas, who were alleged to have been involved in the same drug transaction. Michael Douglas and the appellant were tried together. At the trial, the informant testified that he asked Michael Douglas for cocaine at Douglas’ front door. Michael Douglas replied to the informant that he did not have any but could get some. Douglas then left his residence but returned to the scene shortly thereafter "with Edward Douglas and the appellant. The informant then testified that he asked “what was up,” which the informant testified was “street language for do you have any crack?” Edward Douglas asked how much the informant wanted, and the informant replied that he wanted a “$20 piece.” According to the informant, the group conversed awhile before Edward Douglas stated he had to go inside the house to get the crack. He returned outside where the informant, appellant and Michael Douglas were waiting. Edward handed a package to Michael; Michael passed it to appellant, who looked at it and passed it to the informant. After being assured that the substance was “proper,” the informant paid Edward Douglas with marked money. The informant drove away from the scene, and police subsequently arrested appellant and the Douglas brothers.
Recently, this court reversed Michael Douglas’ conviction for sale or delivery of cocaine on the ground that the trial court improperly limited the cross-examination of a witness for the prosecution. Douglas v. State, 627 So.2d 1190 (Fla. 1st DCA 1993). For the reasons expressed in Douglas, we reverse appellant’s conviction and remand for a new trial.
Appellant also seeks reversal on the ground that the lower court erred in denying his motion for a judgment of acquittal. Appellant sought a judgment of acquittal on the ground that the prosecution failed to prove that the appellant was involved in the transaction and that appellant knew the substance at issue was cocaine. Appellant testified that he was not present when a police informant, wearing a hidden microphone, purchased crack cocaine from Edward Douglas; appellant’s voice is apparently not heard on the recording made of the transaction. However, the informant testified that appellant was present when Edward Douglas sold the cocaine to the informant and, indeed, appellant received and held the cocaine when passed to him by Michael Douglas, and then passed it to the informant.
In State v. Law, 559 So .2d 187, 189 (Fla.1989), the supreme court observed:
It is the trial judge’s proper task [when considering a motion for a JOA] to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. [Citation omitted.] The state is not required to “rebut conclusively every possible variation of events which could be inferred from the evidence, but only introduce competent evidence which is inconsistent with the defendant’s theory of events. [Citation omitted.] Once that threshold burden is met, it becomes the jury’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
Quoting State v. Allen, 335 So.2d 823, 826 (Fla.1976); emphasis provided in Law.
We are of the view that the trial court correctly determined that there was enough competent evidence from which the jury could infer guilt to the exclusion of all other inferences. Certainly, the informant’s testimony provided a sufficient basis for a finding that appellant was present at the drug transaction. As for the claim that the prosecution had failed to show that appellant knew the substance to be cocaine, we are also of the view that the lower court did not err in denying the acquittal motion on this ground, but we concede it is a close question.
*983 Viewing the trial testimony in a light most favorable to the prosecution, as instructed in Law, the evidence provides a sufficient basis for the jury to have inferred that appellant knew the substance sold to the informant was crack cocaine. Appellant heard the informant ask for crack, appeared to be a part of the group discussion that followed this request, heard Edward Douglas’ response to the informant’s request, and saw Edward Douglas leave the scene and return with cocaine; appellant then possessed the cocaine before passing it to the informant. He observed the informant pay for the cocaine- and leave the scene. Thus, the instant case is distinguishable from the case where a co-defendant is simply sitting in a vehicle which becomes the scene of a drug transaction involving purchase of drugs by the driver of the vehicle. See, for example, Sanders v. State, 563 So.2d 781 (Fla. 1st DCA 1990). Here, appellant came to the scene, participated in the transaction, albeit minimally, and remained at the scene until after the transaction was consummated. Compare, Garces v. State, 485 So.2d 847 (Fla. 3d DCA 1986) (temporary control of the contraband in the ‘presence of its actual owner, for the purpose of verifying that it is what it purports to be or to conduct a sensory test for quality, prior to consummation of the contemplated transaction, without more, does not constitute legal possession). Accordingly, we find no error in the denial of appellant’s motion for a judgment of acquittal.
As noted above, the cause is REVERSED and REMANDED for a new trial.
SMITH, MICKLE and LAWRENCE, JJ., concur.